J-S05025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN PELKEY, | |
| Appellant | No. 881 MDA 2015 |

Appeal from the PCRA Order April 22, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003650-2006

BEFORE:  BENDER, P.J.E., SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 28, 2016**

Appellant, Norman Pelkey, appeals *pro se* from the order denying his fourth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the history of this case as follows:

(Appellant) was charged with Rape by Forcible Compulsion, Sexual Assault, Indecent Assault without Consent of Other, Indecent Assault by Forcible Compulsion, Indecent Assault – Person Less than 13, Indecent Exposure, Corruption of Minors, and Rape of a Child.

Petitioner pled guilty before the [trial court] on September 12, 2007 to Rape by Forcible Compulsion, Sexual Assault, Indecent Assault without Consent of Other, Indecent Assault by Forcible Compulsion, Indecent Assault – Person Less than 13, Indecent Exposure, and Corruption of Minors.  The charge of

---

[*]  Retired Senior Judge assigned to the Superior Court.

Rape of a Child was withdrawn. Petitioner was evaluated by the Sexual Offender Assessment Board in accordance with Megan's Law, and sentenced thereafter on December 6, 2007 to an aggregate term of incarceration of 5 to 10 years.

On December 10, 2008 Petitioner filed a *pro se* check-the-box motion for Post Conviction Collateral Relief, and was appointed . . . . PCRA counsel[,] Osmer Deming, Esquire. Attorney Deming moved for a court order applying 555 days of credit time to Petitioner's sentence. The motion was granted on February 5, 2009: the requested credit time was applied and an amended sentencing order was filed. Because the relief sought in the PCRA Motion (the 555 days of credit time) had been granted, the PCRA was deemed moot and Attorney Deming was permitted to withdraw from the case.

On March 10, 2011, Petitioner filed a second, *pro se* check-the-box form motion for Post Conviction Collateral Relief. [The PCRA court] appointed Lara Glenn Hoffert, Esquire as PCRA Counsel to represent Petitioner in the disposition of this PCRA petition. PCRA Counsel reviewed the entire record and concluded that the petition was facially untimely and that there were no applicable exceptions to the timeliness requirement. Accordingly, PCRA counsel filed a "No Merit" Letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) and Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988). [The PCRA court] reviewed the record and likewise concluded that the petition was untimely.

Rather than appealing the denial of the dismissal, on July 9, 2012, Petitioner filed a third *pro se* PCRA petition. This third PCRA petition was facially untimely, and Petitioner failed to demonstrate that any of the statutory exceptions to the one year filing deadline applied. Accordingly, on August 15, 2012 [the PCRA court] dismissed Petitioner's third PCRA petition. Petitioner appealed the dismissal. On April 12, 2013, the Superior Court ruled that we properly dismissed Petitioner's third [petition] as untimely and affirmed the dismissal. Thereafter, Petitioner's [Petition] for Allowance of Appeal to the Pennsylvania Supreme Court was denied.

On January 9, 2014 Petitioner filed his *fourth* pro se PCRA petition . . . , which was also dismissed as untimely.

Trial Court Opinion, 7/13/15, at 1-2 (footnotes omitted).

Appellant timely appealed. Appellant was directed to file a Pa.R.A.P. 1925(b) statement. Instead, Appellant filed a "Notice of Record to Lower Courts To Berks County Court House to Over Turn My Case," dated June 16, 2015. The PCRA court treated this pleading as Appellant's Pa.R.A.P. 1925(b) statement and addressed the issues Appellant raised therein in the court's opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review, which we reproduce verbatim:

> I.) Trial counsel was ineffective for failing to produce witnesses and for giving faulty legal advice that witnesses would not be any help.
>
> II.) Trial counsel failed to produce discovery at eve of trial and did not take time to investigate the case.
>
> III.) Appellant was not permitted to be in the Courtroom at trial when the Victim was present and was unable to have her properly questioned.
>
> IV.) Appellant's right to a jury trial and a determination of guilt beyond a reasonable doubt by that jury, guaranteed by Article I Section 9 of the PA Constitution, and the 6th Amendment to U.S. Constitution, had been violated, the Appellant was sentenced to a mandatory minimum sentence, the mandatory minimum statute allows the trial judge (not a jury) to determine by the perponderance of the evidence if the statute is applicable, the sentence is unconstitutional, pursuant to Alleyne, Apprendi and Newman.

Appellant's Brief at 7.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA

court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[1]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Carr*, 768 A.2d at 1167.

Our review of the record reflects that the PCRA court re-sentenced Appellant on February 5, 2009, after his first PCRA petition was granted, and Appellant was credited for time served.  Appellant did not file a direct appeal from that decision.

_____

[1]  The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Accordingly, Appellant's judgment of sentence became final on March 9, 2009,[2] thirty days after imposition of Appellant's re-sentencing on February 5, 2009, when the time allowed for filing a direct appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903; Pa.R.Crim.P. 720(A)(2); *Commonwealth v. Green*, 862 A.2d 613, 618-619 (Pa. Super. 2004). Therefore, Appellant had to file this PCRA petition by March 9, 2010, in order for it to be timely. Appellant did not file the instant PCRA petition, his fourth, until January 9, 2014. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

In this case, Appellant appears to be invoking the time-bar exception under section 9545(b)(1)(iii). Appellant maintains that "his sentence is illegal and needs to be corrected pursuant to Apprendi, Alleyne and

---

[2]  We note that because March 7, 2009, fell on a Saturday, Appellant had until Monday, March 9, 2009, to file his notice of appeal. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004).

Newman." Appellant's *pro se* Brief at 28. Thus, Appellant's argument may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348 (2000); ***Alleyne v. United States***, 133 S.Ct. 2151 (2013); and ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014)*.*

This Court has explained the rulings and impact of the cases referenced by Appellant as follows:

> In ***Alleyne****,* the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. ***Alleyne*** is an application of the Court's prior pronouncement in ***Apprendi v. New Jersey****,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In ***Alleyne****,* the United States Supreme Court expressly overruled ***Harris v. United States****,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial rights. ***Alleyne*** also implicitly abrogated ***McMillan v. Pennsylvania****,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which withstood an ***Apprendi*** attack in the ***Harris*** decision.
>
> In ***Commonwealth v. Newman****,* 99 A.3d 86 (Pa.Super.2014) (relying upon ***Commonwealth v. Watley****,* 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*)), we noted that ***Alleyne*** will be applied to cases pending on **direct appeal** when ***Alleyne*** was issued.

***Commonwealth v. Riggle***, 119 A.3d 1058, 1064 (Pa. Super. 2015) (emphasis added).

- 7 -

While this Court has held that **Alleyne** applies retroactively to cases that were on direct appeal when **Alleyne** was issued, we have declined to construe that decision as applying retroactively to cases during PCRA review.

In concluding **Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the [**Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014)] Court explained:

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Id.** at 995 (citations omitted) (emphasis supplied).

**Commonwealth v. Ruiz**, _____ A.3d. _____, 2015 PA Super 275 at 3 (Pa. Super. Dec. 30, 2015) (emphasis in original).

**Alleyne** was decided on June 17, 2013. As noted, Appellant's judgment of sentence was finalized years before **Alleyne** was decided. Additionally, we note that although a challenge based on **Alleyne** does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." **Miller**, 102 A.3d at 995-996. Thus, the PCRA court properly dismissed Appellant's instant PCRA petition as untimely. It was filed beyond the one-year general deadline and Appellant

cannot rely on *Alleyne* or its progeny to invoke the timeliness exception at section 9545(b)(1)(iii).

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2016